IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Muhammad, also known as Ahmad Muhammad-Ali, | ) ) ) | C/A No.: 1:15-4513-MGL-SVH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Correct Care Solutions and Chief McClease, | ) ) ) | |
| Respondents. | ) ) ) | |

James Muhammad ("Petitioner"), proceeding pro se and in forma pauperis, is a pretrial detainee housed at Correct Care.[1] He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.     Factual and Procedural Background

Petitioner states he has charges pending for pointing and presenting a firearm and forgery. [ECF No. 1 at 3]. Petitioner alleges he was committed to a mental health facility on November 5, 2014, for an evaluation. *Id.* Petitioner claims he was denied his right to a

---

[1] Correct Care is a private detention healthcare facility located in Columbia, South Carolina. See http://www.correctcarers.com/columbia-regional-care-center/ (last visited November 16, 2015).

$10,000 bond and was sent to the Department of Mental Health on an emergency admission. *Id.* at 8. Petitioner states he has not hurt himself or others and claims he is not under a court order. *Id.* Petitioner also alleges he served a 30-day sentence in the county jail on both charges. *Id.* at 8. Petitioner seeks monetary damages and asks the court to release him from confinement. *Id.* at 9–10.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A pretrial detainee involuntarily civilly committed for mental evaluation and/or treatment may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial detainee area); *Miller v. Blalock*, 356 F.2d 273 (4th Cir. 1966) (involuntary commitment for mental treatment). Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Petitioner has not shown he exhausted the remedies available to him under state law with respect to each of his habeas claims. In fact, Petitioner admits that his state court or administrative proceedings related to the grounds in his habeas petition are currently pending. [ECF No. 1 at 8]. Because Petitioner has not exhausted his state court remedies, this petition should be summarily dismissed.[3]

---

[3] Petitioner's request for monetary damages is also subject to summary dismissal as monetary damages are not available in a habeas corpus action. *See McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113 (4th Cir. 2003).

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition in the above-captioned without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 16, 2015                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4


**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).